UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr63 |
| | ) | |
| SUSAN M. SPEARMAN, | ) | |
| | ) | |
| *Defendant*. | ) | |

## GOVERNMENT'S POSITION WITH RESPECT TO SENTENCING FACTORS IN THE PRESENTENCE REPORT

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. After reviewing the Presentence Investigation Report (PSR) and applying the factors of Title 18, United States Code, Section 3553(a) to this case, the government's position is that a sentence of 18 to 24 months of imprisonment is sufficient, but not greater than necessary to accomplish the statutory goals of sentencing.

### I. *The United States Has No Objection to the PSR*

The United States hereby represents that it has no objection to the facts, the findings or to the calculations of the presentence report. The United States does not intend to call witnesses or present evidence at the sentencing hearing; however, the probation officer will be available to testify, if necessary.

### II. *The Advisory Guideline Sentencing Range*

The probation officer has found the advisory guideline range to be 18 to 24 months of imprisonment. No objections have been raised to the advisory guidelines. The defendant has

requested a downward departure or a downward variance. The United States does not oppose a downward variance.

**III. *An Advisory Guideline Sentence of 18 to 24 Months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).***

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*,

2

269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of 18 to 24 months of incarceration is appropriate and reasonable.

A.  Nature and Circumstances of the Offense

The facts as laid out in the PSR demonstrate that the defendant and her co-conspirator E.O.Y. engaged in a bankruptcy fraud scheme where the co-conspirators devised a scheme and artifice to defraud, the purpose of which was to conceal the sum of approximately $350,000 from E.O.Y.'s creditors. On July 11, 2011, E.O.Y. filed a voluntary bankruptcy petition in Case No. 11-73305- SCS, in the United States Bankruptcy Court for the Eastern District of Virginia. The case was later dismissed on January 27, 2012.

On August 22, 2011, prior to the dismissal of the case, E.O.Y. filed a Schedule B – Personal Property schedule, which included under Paragraph 13: "Stock and interests in incorporated and unincorporated businesses." E.O.Y. listed on that Schedule B: "153,000 shares of SIRIUS stock" with a current value of "$350,000.00." As of October 1, 2012, E.O.Y. owned a taxable account in J.P. Turner & Company, including 132,950 shares of Sirius stock. On or about October 3, 2012, E.O.Y. transferred $25,000 from his Monarch Bank account to defendant SPEARMAN, which funds were deposited into SS's Monarch Bank account.

On October 5, 2012, E.O.Y. caused J.P. Turner & Company to sell the Sirius stock and to wire the funds to his bank account at Monarch Bank the sum of $339,660.19. On that same date, E.O.Y. transferred from his Monarch Bank account to defendant SPEARMAN's Monarch Bank account, the sum of $330,000. On December 5, 2012, E.O.Y., for the purpose of executing and concealing the aforesaid scheme and artifice, filed a voluntary bankruptcy petition in Case No. 12-750028- SCS in the United States Bankruptcy Court for the Eastern District of Virginia and a Chapter 7 Trustee was appointed. During the course of the bankruptcy case, E.O.Y. never disclosed his sale of the Sirius stock and wiring of the proceeds to his bank account and subsequent transfer to SPEARMAN's account as required by the Statement of Financial Affairs. On December 19, 2012, defendant SPEARMAN transferred the sum of $330,000 and an additional $20,000, for a total of $350,000 from her account at Monarch Bank to her account with (or associated with) the Bank of New York Mellon.

Between December 5, 2012 and January 24, 2014, E.O.Y. concealed these transactions from the chapter 7 Trustee and the Trustee's counsel, during which time defendant SPEARMAN disbursed at least $310,169.01 of the $350,000 she received from E.O.Y. to E.O.Y. or at his direction. Despite demand from the chapter 7 Trustee's counsel, E.O.Y. failed to deliver or account for the balance. It should be pointed out that defendant SPEARMAN did not receive any money from the concealed $350,000 amount. In fact, she actually lost a portion of her own money. It also appears that the defendant was not fully aware that her actions with E.O.Y. were criminal in nature until they were well into the fraud scheme.

B. <u>History and Characteristics of the Defendant</u>

The defendant is a 52-year old divorced female with two adult children that do not live with their mother. The defendant has no criminal history and is properly categorized as a Criminal History Category I. The defendant also appears to be in good physical condition with no history

4

of any substance abuse.

C. <u>Other Relevant Factors</u>

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing. All of the stated considerations are of course relevant, and the government emphasizes the need for the sentence to provide just punishment and afford adequate deterrence. As stated above, the defendant and E.O.Y. caused the loss of approximately $350,000 from the bankruptcy creditors and the Chapter 7 trustee. With regard to deterrence, it is unlikely that this defendant will return to fraudulent criminal activity to pay off her substantial debts. The government's position is that a sentence within the advisory guideline range would foreclose any thoughts along those lines, as well as address the other Section 3553 factors mentioned above. Furthermore, the Court must consider the societal goal of general deterrence. Overall, the sentence imposed should reflect the economic costs the public is forced to bear, in order to prevent the theft of private funds, and to detect and deter fraudulent behavior.

D. <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

Defendant's is only one of two criminal defendants in this matter and she will be sentenced first. Therefore, it is difficult to determine an appropriate sentence. The government believes that defendant should be sentenced within the 18 to24 month advisory guideline range.

E. <u>Need to Provide Restitution</u>

The chapter 7 bankruptcy trustee has a recovered judgment against Spearman for the $350,000 restitution. She will also be subject to a criminal Restitution Judgment, which will be joint and several if E.O.Y. pleads or is found guilty.

F. <u>Aggravating Factors</u>

There appears to be no aggravating factors for this defendant. To the contrary, the August 23, 2016 letter from Mr. Koch to Probation Officer Perez was exceptionally insightful and helpful

5

in determining the appropriate sentence for this defendant. For example, defendant has already been subjected to a civil suit from the bankruptcy trustee as a transferee without value and the E.O.Y. bankruptcy trustee has a recovered judgment against Spearman for the $350,000. According to Mr. Koch, defendant is without financial ability to pay such sums, and her life has been ruined as a result of her relationship with E.O.Y.

**IV.** *Conclusion*

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant within the advisory guideline range of 18 to 24 months of imprisonment.

        DANA J. BOENTE
        UNITED STATES ATTORNEY

By:      /s/
        Stephen W. Haynie
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office Number (757) 441-6331
        Facsimile Number (757) 441-6689
        E-Mail Address – seve.haynie@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF).

I hereby certify that on the 9th day of September, 2016, a true copy of the foregoing government's position with respect to sentencing factors was sent via electronic mail copy to:

Carmen Perez
United States Probation Office
600 Granby Street, Suite 200
Norfolk, Virginia 23510

/s/
Stephen W. Haynie
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-6689
E-Mail Address – seve.haynie@usdoj.gov